UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD J. POTTER,<br><br>                Plaintiff,<br><br>-against-<br><br>PEOPLE OF THE STATE OF NEW YORK;<br>DAVID HOOVLER, DISTRICT ATTORNEY;<br>JANINE KOVACS, ASSISTANT DISTRICT<br>ATTORNEY; ROBERT DEMONO,<br>ASSISTANT DISTRICT ATTORNEY;<br>ROBERT FREEHILL, CRIMINAL COURT<br>JUDGE,<br><br>                Defendants. | 21-CV-5109 (LTS)<br><br>ORDER TO SHOW CAUSE UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a prisoner at Riverview Correctional Facility, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under § 1915(g) from filing any actions IFP. *See Potter v. Port Jervis Police Dep't*, ECF 1:20-CV-7209, 9 (S.D.N.Y Dec. 14, 2020) (claims against Port Jervis Police

Department dismissed for failure to state a claim under the doctrine of claim preclusion and claims against police officers dismissed for failure to state a claim under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), without prejudice to reasserting false arrest claims if conviction is overturned); *Potter v. Freehill Robert*, ECF 1:19-CV-7948, 7 (S.D.N.Y. Nov. 5, 2019) (dismissing claims against Judge Freehill based on judicial immunity and claims against District Attorney Hoovler based on prosecutorial immunity);[1] *Potter v. Ferrera*, ECF 1:19-CV-2904, 6 (S.D.N.Y. May 29, 2019) (dismissing complaint, which asserts claims against defense counsel, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).[2] Because Plaintiff is barred under section 1915(g), Plaintiff cannot proceed with this action without prepaying the filing fee, unless he is "under imminent danger of serious physical injury."

Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury.[3] Instead, Plaintiff brings suit against Judge Robert Freehill, who presided over

---

[1] A dismissal on the grounds of absolute judicial immunity, or a dismissal based on prosecutorial immunity that implicates "the heartland of immune prosecutorial conduct" is considered frivolous, and therefore counts as a strike. *Collazo v. Pagano*, 656 F.3d 131, 133-34 (2d Cir. 2011). Under this reasoning, Plaintiff's claims against Judge Freehill and District Attorney Hoovler in *Potter*, ECF 1:19-CV-7948, 2, qualify as strikes.

[2] In a fourth case, *Potter v. Port Jervis Police Dep't*, ECF 1:19-CV-10519, 10 (S.D.N.Y. Feb. 3, 2019, the Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and declined to exercise supplemental jurisdiction over any state law claims that he was asserting. Courts of appeal have reasoned that "[w]hen a district court has declined to exercise supplemental jurisdiction over state-law claims, the court has not dismissed the state-law claims for failure to state a claim, nor has the court dismissed the state-law claims as frivolous or malicious. Therefore, a case in which a court declines to exercise supplemental jurisdiction over state-law claims does not count as a strike." *Fourstar v. Garden City Group, Inc.*, 875 F.3d 1147, 1152 (D.C. Cir. 2017) (Kavanaugh, J.); *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2016) (same). The Second Circuit held in *Escalera v. Samaritan Village*, 938 F.3d 380 (2d Cir. 2019) (per curiam), that "mixed dismissals," where an action is dismissed for one or more § 1915(g) reasons *and* a non-§ 1915(g) reason, are not strikes. Because Plaintiff has three other dismissals that qualify as strikes, the Court need not resolve whether this dismissal qualifies as a strike.

[3] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the

Plaintiff's criminal proceedings, and against District Attorney Hoovler and Assistant District Attorneys Janine Kovacs and Robert DeMono, who were involved with Plaintiff's prosecution.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future civil actions IFP while he is a prisoner.[4]

## CONCLUSION

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP

---

time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[4] Plaintiff is not barred from filing a new case by prepaying the filing fee.

application, dismiss this action without prejudice, and bar Plaintiff under section 1915(g) from filing future actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: June 15, 2021
       New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| _____ | _____ |
| Executed on (date) | Signature |
| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |
| _____ | _____ |
| Address          City          State          Zip Code | |
| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |