UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD J. POTTER,

                   Plaintiff,

       -against-

PEOPLE OF THE STATE OF NEW YORK;
DAVID HOOVLER, District Attorney;
JANINE KOVACS, Assistant District
Attorney; ROBERT DEMONO, Assistant
District Attorney; ROBERT FREEHILL,
Criminal Court Judge,

                   Defendants.

21-CV-5109 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Riverview Correctional Facility, files this action *pro se* and seeks to proceed *in forma pauperis* (IFP). By order dated June 15, 2021, the Court (1) noted that while Plaintiff was a prisoner, he had filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, and (2) ordered Plaintiff, within thirty days, to show cause by declaration why he should not be barred under 28 U.S.C. § 1915(g) from filing further actions IFP in this Court while he is a prisoner.

Plaintiff filed a declaration on July 15, 2021, but the declaration does not provide sufficient reason not to impose the above-described bar order.

## CONCLUSION

The Court finds that, while Plaintiff was a prisoner, he filed three or more actions that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff has not shown cause why the bar order should not be imposed, despite an opportunity to do so. In his response to the Court's order, Plaintiff does not challenge the Court's conclusion that he has three prior actions that were dismissed as frivolous, malicious, or for

failure to state a claim; instead, Plaintiff indicates in his response that he agrees to pay the filing fee by installment payments, if permitted to do so. (ECF No. 5.)

Under 28 U.S.C. § 1915(b)(1), prisoners who are granted leave to proceed IFP must pay the $350.00 filing fee but are permitted to do so in partial payments as set forth in that provision. Plaintiffs who are not proceeding IFP must prepay the full $350.00 filing fee, plus a $52 administrative fee, at the time of filing suit. Because Plaintiff has three strikes under § 1915(g) and is disqualified from proceeding IFP, he must prepay the $402.00 in fees when bringing a new civil action while he is a prisoner unless he is under imminent threat of serious physical injury.[1]

The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff is barred under 28 U.S.C. § 1915(g) from filing future actions IFP in this Court while he is a prisoner unless he is under imminent threat of serious physical injury.

The Court denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under the PLRA's "three-strikes" rule.[2] *See* 28 U.S.C. § 1915(g).

---

[1] Section 1915(g) does not, however, prevent Plaintiff from proceeding IFP when bringing a petition for a writ of *habeas corpus* challenging his criminal proceedings. *See Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013) (holding that, for purposes of section 1915(g), *habeas* petitions are not considered civil actions).

[2] Plaintiff may commence a new action by prepaying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail Plaintiff a copy of this order, noting service on the docket.

SO ORDERED.

Dated:  July 26, 2021
        New York, New York

                                    /s/ Laura Taylor Swain
                                _____
                                    LAURA TAYLOR SWAIN
                                Chief United States District Judge